IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA
OMAHA DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES<br>TRADING COMMISSION, | )<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **Civil Action No.**<br>8:11-cv-00181-LSC-FG3 |
| | ) | |
| JONATHAN W. ARRINGTON;<br>MICHAEL B. KRATVILLE;<br>MICHAEL J. WELKE;<br>ELITE MANAGEMENT HOLDINGS CORP.;<br>and MJM ENTERPRISES LLC, | )<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

**ORDER RELATING TO THE PRODUCTION OF CONFIDENTIAL <u>INFORMATION</u>
<u>BY THE U.S. COMMODITY FUTURES TRADING COMMISSION</u>**

Pursuant to the parties' agreed motion [Docket # 56] for Approval of an Order Relating to the Production of Confidential Information by the U.S. Commodity Futures Trading Commission (CFTC), and upon a showing of good cause, the Court hereby **GRANTS** the motion and **ORDERS** that:

1. **<u>Purpose</u>**. This Order is a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11), and implementing regulations. Its primary purpose is to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Rule 26(c) of the Federal Rules of Civil Procedure, and the judicial opinions interpreting that rule.

Except as otherwise stated in this Order, the CFTC shall produce, in response to a valid discovery request, discoverable information in its possession, custody, or control in accordance with the Rule 16 Scheduling Order (DE#36).  If a party requests otherwise discoverable information from the CFTC that includes confidential material, the CFTC shall, based upon the claimed grounds of confidentiality, redact or designate such information as Sensitive Personally Identifiable Information (SPII) pursuant to this Order.

2. **Applicability.**  This Order covers information that the CFTC, as the producing party, redacts or designates as SPII.  Information may be redacted or designated as SPII when the CFTC reasonably believes the information disclosed constitutes, reflects, discloses, or contains information subject to protection under the Privacy Act, 5 U.S.C. § 552a(b)(11), and implementing regulations; Rules 26(c) and 5.2 of the Federal Rules of Civil Procedure; Rule 5.0.3 of the Civil Rules for the District of Nebraska; and the judicial opinions interpreting such rules.

3. **Good Faith.**  The CFTC shall redact and make designations of SPII in good faith to ensure that only those documents most likely to merit confidential treatment are so redacted or designated.  In doing so, it may employ technology, including the implementation of search protocols designed to identify such documents.

4. **Definitions.**
    a. *"Party"* or *"Parties"* refer to the individuals and entities named as parties to this litigation.
    b. *"Information"* refers to the contents of documents, data associated with documents (whether physical or in electronic format), oral and written testimony,

    answers to interrogatories, admissions, disclosures, and data derived from objects other than documents, produced or disclosed in this litigation by the CFTC.

  c. *"Receiving Party"* refers to any party to this litigation to which the CFTC provides or discloses information in connection with discovery and/or other orders of this Court.

  d. *"Submitting Entity"* refers to any third-party entity or individual that has submitted information, including SPII, to the CFTC.

  e. *"Confidential Information"* refers to information that the CFTC or a submitting entity claims is protected from public disclosure by applicable federal law, the release of which could result in harm to a person or entity. This includes sensitive personally identifiable information such as social security numbers, dates of birth, driver's license numbers, passport numbers, account numbers, names of minors, medical records, and other types of information, the release of which could result in the compromise of an individual's or entity's identity.

5. **Procedures.**

  a. *Redactions*. Where practicable, the CFTC will redact Confidential Information from documents, leaving the last two or the last four digits of social security numbers, driver's license numbers, passport numbers, and account numbers, as well as minor's initials and the year of dates of birth before producing the documents to the receiving party or parties. The redactions will bear the mark SPII.

  b. *Designation*. For all other documents with Confidential Information that have not been redacted, the CFTC will, along with those documents, provide a list of the

designated documents (by Bates number) and include the designation SPII in the file name of each document that is subject to the protection of this Order.

c. *Errors.* Accidental or inadvertent disclosure of Confidential Information does not waive the confidential status of such information or any privilege attached thereto. In the event Confidential Information is inadvertently disclosed, the CFTC may thereafter reasonably assert a claim or designation of SPII and promptly provide replacement media consistent with this Order. Thereafter, the receiving party must immediately return the original information and all copies to the CFTC and/or destroy such information, and make no use of such Confidential Information.

d. *Who.* Unredacted documents designated as SPII (in accordance with 5b above) may only be provided to:

   i. Parties—including the parties' counsel and their staff, vendors, contractors, and agents hired in connection with this litigation—who agree to be bound by this Order as evidenced by signing the certificate attached as Appendix A;

   ii. Any other person to whom the CFTC, in writing, authorizes disclosure and who signs the certificate attached as Appendix A.

e. *Where.* Confidential information must be used only in this proceeding.

f. *How.*

   i. <u>Filings</u>. If a document designated as SPII (in accordance with 5b above) must be filed, then the party seeking to file the document must redact the relevant portions or file under seal.

      ii. <u>Depositions, Hearings, and Trial</u>.  If a party intends to utilize a document designated as SPII (in accordance with 5b above) during a deposition, pre-trial hearing, or trial, it must redact the information from the document according to the procedures described in 5a above.  If the Confidential Information itself is relevant, the party shall provide written notice no less than five business days prior to the hearing, deposition, or final pre-trial conference (if the party intends to use the confidential information during trial) to the CFTC and the Court.  The use of such Confidential Information during the hearing, deposition, or trial shall be determined by agreement of the parties or by order of the Court.

g. *Challenges.*

      i. Any receiving party may object to the propriety of the redaction or designation of SPII by serving a written objection upon the CFTC.  Within five business days, the CFTC shall respond to such objections in writing by either: (i) agreeing to remove the redaction or designation; or (ii) stating the reasons for such redaction or designation.  If the parties are unable to agree on the terms and conditions of disclosure for the subject material, the objecting party may move the Court for an order withdrawing the redaction or designation as to the specific redactions or designations on which the parties could not agree.  On such a motion, the CFTC shall have the burden of proving that "good cause" exists for the redaction or designation at issue and that the material is entitled to protection as

        confidential under applicable law. The information shall continue to be protected until the Court can rule on the merits of the motion.

    ii. If the basis for the redaction or designation is because a submitting entity claims it is protected from public disclosure by applicable federal law, and a receiving party objects to the redaction or designation, the CFTC shall, within five business days, send notice to the submitting entity. The CFTC shall not be required to respond to the objection until ten business days after such notice has been sent to the submitting entity. The submitting entity shall be permitted to intervene to defend the redaction or designation pursuant to the procedures and standards set forth in this Order.

h. *Return*. Within 45 days of the termination of any party from this action, that party—including the parties' counsel and their direct staff, vendors, contractors, and agents hired in connection with this litigation—must destroy or return all originals and/or copies of documents designated as SPII (in accordance with 5b above). At the written request of the CFTC, any person or entity having custody or control of documents designated as SPII (in accordance with 5b above), and all copies thereof, shall provide an affidavit certifying that reasonable efforts have been made to insure that all such information has been destroyed or delivered in accordance with the terms of this Order. This Order survives the termination of this proceeding.

6. **Exclusions**.

   a. Nothing in this Order shall be construed to compel the CFTC to produce information that, under law or agreement, it is prohibited from producing, including, among other things, information protected from disclosure under Section 8(a)(1) of the Commodity Exchange Act, 7 U.S.C. § 12(a)(1).

   b. This Order shall not govern the production or designation of classified information, sensitive security information, technical data with military or space application, information on classified computer systems, or enforcement-sensitive government documents related to ongoing investigations.

7. **Protections**.

   a. Pursuant to Federal Rule of Evidence 502(d), production of any record by the CFTC in this litigation does not waive any Privacy Act protection of that record outside of this proceeding and any such record produced in this proceeding must be strictly protected in accordance with this Order.

   b. Notwithstanding any federal statute or regulation, no agency, officer, employee, or attorney of the CFTC shall be subject to any civil or criminal penalty or sanction related to the disclosure of non-public information, provided that such disclosure is made pursuant to the terms of this Order.

**IT IS SO ORDERED** on this 5th day of July, 2012.

>BY THE COURT:
>
>s/ F.A. GOSSETT, III
>UNITED STATES MAGISTRATE JUDGE