IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | 8:11CV181 |
| V. | ) ) | |
| JONATHAN W. ARRINGTON, ELITE MANAGEMENT HOLDINGS CORP., MJM ENTERPRISES LLC, MICHAEL B. KRATVILLE, MICHAEL J. WELKE, FRED HONEA, JOHN RIZZLI, RON BASSETT, FXIG, SONADOR, NEAL LABELLE, and MICHAEL STEWART, | ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | | |

This matter is before the Court on Plaintiff's Motion to Compel Production of Documents Withheld by Defendant Michael Kratville. (Filing 65.) For the reasons set forth below, Plaintiff's motion will be granted.

BACKGROUND

Plaintiff's Complaint alleges that Defendants Jonathan Arrington ("Arrington"), Michael Welke ("Welke") and Michael Kratville ("Kratville"), using multiple investment pools operated by Defendants Elite Management Holdings, Corp. ("EMHC") and MJM Enterprises, LLC ("MJM") (both of which were allegedly owned, operated and controlled by Arrington, Welke and Kratville), orchestrated a fraudulent scheme that induced numerous participants to invest in the pools. In particular, Plaintiff alleges that Defendants misappropriated pool participant funds; made false statements to pool participants regarding the pool's trading activity, performance and account balances; failed to register as a commodity pool operator ("CPO"); failed to register as associated persons of a CPO; and

failed to comply with pool disclosure and reporting requirements in violation of the Commodity Exchange Act, 7 U.S.C. § 1, *et seq.*. (Filing 1.)

Plaintiff has filed a motion to compel (filing 65) requesting that Kratville be ordered to produce emails and other communications (1) between Defendants Arrington, Welke and himself and (2) communications with the Nebraska Bar concerning a complaint filed against Kratville by pool-participant, Charles Vesely ("Vesely"). Kratville refuses to produce the communications between him and the other Defendants, arguing that he is ethically obligated to assert the attorney-client privilege on their behalf. He further contends that the correspondence with the Nebraska Bar is protected by Nebraska law.

On January 15, 2013, the Court ordered an *in camera* review of the documents in question. (Filing 72.) The Court has reviewed the documents and finds that they are not privileged and should be produced.

## DISCUSSION

### I.   Email communications between Kratville, Arrington and Welke

Kratville contends that the emails he exchanged with Arrington and Welke are protected by the attorney-client privilege because Kratville served as counsel for EMHC, Arrington and Welke. Kratville's primary argument in opposition to the motion to compel is that the Nebraska Rules of Professional Conduct require him to assert the attorney-client privilege on behalf of his former clients. Kratville maintains that he has sought an opinion from the Nebraska Supreme Court Counsel for Discipline regarding his ability to produce the documents given his obligations under Nebraska Supreme Court Rule § 3-501.6, which generally provides that an attorney may not reveal information relating to the representation of a client.[1]

---

[1] Kratville expects an opinion from the Ethics Advisory Committee sometime between April and June, 2013.

The Court finds Kratville's argument concerning his alleged inability to produce the documents given the requirements of Rule § 3-501.6 unpersuasive. Rule § 3-501.6 provides several exceptions to its confidentiality requirement, including that an attorney may reveal information relating to the representation of client "to comply with other law or a court order." Neb. Ct. R. § 3-501.6(b)(4). Therefore, to the extent that Kratville argues that § 3-501.6 absolutely precludes him from producing the documents in question, this contention is rejected. This order should alleviate any concerns Kratville has regarding his compliance with Rule § 3-501.6 as it pertains to the production of these documents.

Also, following review, the Court concludes that the documents in question are not protected by the attorney-client privilege. It appears that the documents simply consist of communications regarding the business relationship which existed between Kratville, Arrington and Welke, not the solicitation or rendering of legal advice. "The attorney-client privilege protects confidential communications between a client and his attorney made for the purpose of facilitating the rendering of legal services to the client. But when an attorney acts in other capacities, such as a conduit for a client's funds, as a scrivener, or as a business advisor, the privilege does not apply." *United States v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012) (internal citation omitted). *See also Sedco Intern., S.A. v. Cory*, 683 F.2d 1201 (8th Cir. Aug. 8. 1982) (recognizing that the attorney-client privilege does not protect ordinary business advice). "The issue usually arises in the context of communications to and from corporate in-house lawyers who also serve as business executives. So the question usually is whether the communication was generated for the purpose of obtaining or providing legal advice as opposed to business advice." *In re County of Erie*, 473 F.3d 413, 419 (2nd Cir. 2007) (internal citations omitted). Here, the communications generally reflect conversations relating to the management of EMHC and related business matters. Because the materials do not come within the scope of the attorney-client privilege, they must be disclosed.

## II.   Correspondence with the Nebraska Bar Association

Kratville contends that the information related to Charles Vesley's Nebraska Bar Complaint against him is confidential under Nebraska law. In support of his argument, Kratville points to Nebraska Supreme Court Rule § 3-318, which pertains to the publicity of

disciplinary proceedings. This Rule provides, in part:

> (A) The hearings, records, or proceedings of the Counsel for Discipline, the Committee on Inquiry, and the Disciplinary Review Board are confidential and shall not be made public except that the pendency, subject matter, and status of an investigation may be disclosed by the Committee on Inquiry involved or the Disciplinary Review Board if
>
> (1) the Respondent has waived confidentiality, either in writing or by public disclosure of information regarding the proceeding; or
>
> (2) the proceeding is based upon conviction of a crime.
>
> (B) Unless the Respondent has waived confidentiality, either in writing or by public disclosure of information regarding the proceedings, willful violation of this rule shall be grounds for discipline.

Neb. Ct. R. § 3-318.

Rule § 3-318 permits disclosure of the requested documents if Kratville waives confidentiality. Under Federal Rule of Civil Procedure 34, Kratville is required to produce non-privileged, relevant documents in discovery. There is no legal support for the proposition that Rule § 3-318 creates a privilege which protects documents related to bar complaints from discovery in a civil lawsuit pending in federal court. Kratville cannot use Rule § 3-318 as a shield to prevent the disclosure of these documents. Therefore, Kratville will be ordered to produce the requested materials.

**IT IS ORDERED** that Plaintiff's Motion to Compel Production of Documents Withheld by Defendant Michael Kratville (filing 65) is granted. Michael Kratville shall produce the documents in question by or before February 12, 2013.

**DATED January 29, 2013.**

                                            **BY THE COURT:**

                                            **S/ F.A. Gossett**
                                            **United States Magistrate Judge**