IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>            Plaintiff,<br><br>    vs.<br><br>MICHAEL B. KRATVILLE, ELITE MANAGEMENT HOLDINGS CORP., MJM ENTERPRISES LLC, JONATHAN W. ARRINGTON, and MICHAEL J. WELKE,<br><br>            Defendants. | CASE NO.  8:11CV181<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion to Alter or Amend and for Relief from a Final Judgment (Filing No. 171) filed by Defendant Michael B. Kratville. For the reasons discussed below, the Motion will be denied.

## BACKGROUND

The Court incorporates the Background section from its prior Memorandum and Order dated January 28, 2014 (Filing No. 168 at 1–16), and will not recite the facts again here. The Court concluded in the Memorandum and Order that the undisputed evidence in the record demonstrated that Kratville committed fraud under the Commodity Exchange Act (the "CEA" or the "Act"), 7 U.S.C. §§ 1 *et seq.*, and its implementing regulations, 17 C.F.R. §§ 1.1 *et seq.*, and the Court granted the Motion for Summary Judgment (Filing No. 97) submitted by Plaintiff United States Commodity Futures Trading Commission ("CFTC").

Kratville now argues that the Court's reasoning in its Memorandum and Order was flawed. Specifically, he argues that the Court erred in (1) not concluding that issues of fact and/or ultimate inferences precluded summary judgment, and (2) failing to

exclude certain evidence. Kratville also argues that his former attorney's "excusable neglect" warrants the Court's consideration of additional evidence. Finally, Kratville contends that his prior attorney's advice, directing Kratville to invoke the protection of the Fifth Amendment, was also "excusable neglect" warranting the re-opening of the case.

## STANDARD OF REVIEW

"Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assoc. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (quoting *Innovative Home Health Care*, 141 F.3d at 1286) (internal marks omitted). The "district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e) . . . ." *Id.*

Federal Rule of Civil Procedure 60(b) motions serve to relieve parties from final judgments, orders, or proceedings on several enumerated grounds, including "mistake, inadvertence, surprise, or excusable neglect."[1] Post-judgment motions for leave to amend may be granted if timely made. *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009). "Rule 60(b) is 'not a vehicle for simple reargument on the

---

[1] Rule 60(b)(1). Rule 60(b)(6) also provides that relief may be granted for "any other reason that justifies relief." As discussed below, this "catch-all" provision applies "where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

2

merits.'" *Arnold v. Wood,* 238 F.3d 992, 998 (8th Cir. 2001) (quoting *Broadway v. Norris,* 193 F.3d 987, 990 (8th Cir. 1999)).

## DISCUSSION

### I. Manifest Error

Kratville has not identified manifest errors of law or fact that require the Court to alter or amend its Memorandum and Order or the accompanying Judgment.

#### a. Error of Law

Kratville has identified only one alleged error of law, arguing that this Court mistakenly applied a passive standard with respect to causation of fraud. Kratville points to the Court's citation—in a footnote—to a case from the Eastern District of Michigan, *SEC v. Conaway*, 698 F. Supp. 2d 771, 865-66 (E.D. Mich. 2010). Kratville suggests that this Court mistakenly relied on that case for the principle that, in some circumstances, an individual may contribute to fraud by acquiescing to fraudulent behavior. He notes that *Conaway* ultimately applied an *active* standard, *i.e.*, the defendant in *Conaway* actively caused a material fact to be omitted.

The court in *Conaway* specifically noted that its analysis did not "exhaust the universe of factual patterns in which one can be found liable for causing another to make or omit making certain statements." 698 F. Supp. 2d at 869. Under the facts of that case, the director of a corporation did not himself draft, edit, or review allegedly fraudulent statements, yet was found to have caused fraud. *Id.* at 865. In that regard, the factual circumstances in *Conaway* were similar to those presented by Kratville, who argued that he did not draft or approve fraudulent documents, although the evidence established that he affirmatively directed investors and potential investors to such

3

misleading information. (*See, e.g.,* Memorandum and Order, Filing No. 168 at 22-26.) Regardless, this Court's analysis in the Memorandum and Order did not depend on the citation to *Conaway*, or whether an active or passive standard applied to causation.

### b. Error of Fact

Much of Kratville's argument with respect to error-of-fact is devoted to re-arguing the same or similar arguments made in his resistance to the CFTC's Motion for Summary Judgment. Kratville argues that issues of fact or "ultimate inference" preclude summary judgment, and the Court erred in concluding otherwise. Specifically, Kratville contends that issues of fact or ultimate inference remain as to:

- The use of FXIG as the trader for the applicable investment groups, and whether Kratville caused a lack of disclosure or merely acquiesced;

- Kratville's control of the investment groups;

- The refund/rollover process in the summer of 2006, and the viability of FXIG;

- Kratville's scienter;

- The preclusive effect of releases signed by other defendants and witnesses; and

- The admissibility of emails attached to the affidavit of Jon Arrington, the affidavit of Patrick Shannon, and the affidavit of Tony Leach.

The Court addressed each of these matters in its Memorandum and Order. Kratville has not presented any argument that could not have been presented earlier, nor do any of his arguments alter the Court's ultimate conclusion. The Court will not repeat its analysis with respect to each of the issues Kratville attempts to re-litigate.

4

### c. Newly Discovered Evidence

Although Kratville does not assert that he is entitled to relief under Rule 59(e) on the basis of newly discovered evidence, the Court will address whether it should consider the documents attached to Kratville's affidavit in support of his Motion (Filing No. 173-2).

> "To prevail on a Rule 59(e) motion, the movant must show that (1) the evidence was discovered after [judgment]; (2) the movant exercised due diligence to discover the evidence before [judgment was entered]; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933; *see also Innovative Home Health Care*, 141 F.3d at 1286.

The emails from Jon Arrington's hard-drive were previously addressed in Magistrate Judge F.A. Gossett's Order denying Kratville's Motion to Supplement Discovery (Filing No. 164). As stated in Judge Gossett's Order, there was no credible evidence that the CFTC wrongfully withheld documents from Kratville. (*Id.* at 2.) Further, Kratville did not depose Arrington, nor did he seek production of documents from Arrington until a few weeks before the close of discovery. (*Id.*) For the reasons stated in Judge Gossett's Order, Kratville has failed to demonstrate that the Court should consider additional evidence.

## II. Excusable Neglect

Kratville argues that the Court should consider or permit additional evidence for purposes of summary judgment based on the excusable neglect of his former attorney.

5

Kratville argues, primarily under Rule 60(b)(1), that his former attorney's alleged negligence with respect to obtaining evidence and creating a record constituted excusable neglect.

"Excusable neglect, necessarily, has two components: (1) neglect or noncompliance and (2) that is excusable." *In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007). "In assessing whether conduct is excusable, several factors must be taken into account, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." *Id*. at 866-67 (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "These [factors] do not carry equal weight," and "the reason for delay is a key factor in the analysis." *Id*. at 867 (citing *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000).

If Kratville's Motion were granted, these proceedings would be significantly delayed. The CFTC would be required to depose Kratville again, to obtain responses to the questions he refused to answer, and likely would be required to conduct extensive discovery to re-litigate issues that have been resolved. With respect to the *reason* for delay, Kratville simply asserts professional carelessness. His principal argument is that but for his prior attorney's neglect, Kratville would not have asserted Fifth Amendment privileges, and the Court would have seen his testimony and the evidence he now submits. (Def. Br., Filing No. 172 at 25.)

The Eighth Circuit has held that professional carelessness does not warrant relief under Rule 60(b). *In re Guidant Corp.*, 496 F.3d at 868; *see also Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir.1997) ("Litigants choose counsel at their peril….Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or carelessness.") Several other courts have determined that an attorney's error or litigation strategy is not grounds to vacate a judgment under Rule 60(b)(1).[2] The Court agrees that attorney negligence under these circumstances is not grounds for relief under Rule 60(b)(1). *See Inman*, 120 F.3d at 119 (citing *Link v. Wabash R.R.*, 370 U.S. 626, 634 n. 10 (1962)). Kratville's decision to assert Fifth Amendment privileges, and his delay in seeking discovery, both appear to have been part of litigation strategy, and not excusable neglect.

Kratville cites *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013), to support his proposition that a Rule 60(b) motion is appropriate to correct an attorney's action. In *DiMercurio*, however, the Eighth Circuit simply reversed the district court

---

[2] *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ("We agree that Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel."); *Acevedo–Garcia v. Vera–Monroig,* 368 F.3d 49, 54 (1st Cir. 2004) (holding that a mistake of law is not a "mistake" for Rule 60(b)(1) purposes); *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.,* 298 F.3d 586, 595 (6th Cir. 2002) (holding "that out-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1)") (citation and quotation marks omitted); *Yapp v. Excel Corp.,* 186 F.3d 1222, 1231 (10th Cir.1999) ("[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."); *Webb v. James,* 147 F.3d 617, 622 (7th Cir. 1998) (concluding that an attorney's mistake was not excusable under Rule 60(b)(1), and holding that the "district court was not obliged to relieve [the defendant] of the burden of a ... mistake of law."); *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 577 (10th Cir. 1996) ("If the mistake alleged is a party's litigation mistake, we have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party."); *United States v. Bank of New York,* 14 F.3d 756, 759 (2d Cir. 1994) ("When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect.").

7

when the district court provided no reason why it could not accommodate a request for a continuance. *Id.* at 1140. The Eighth Circuit did not address whether an attorney's litigation strategy was grounds for voiding a judgment based on mistake or inadvertence. Likewise, in *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005), the Eighth Circuit said: "It is generally held that 'excusable neglect' under Rule 60(b) does not include ignorance or carelessness on the part of an attorney." *Id.* at 1045 (citing *Hunt v. City of Minneapolis*, 203 F.3d 524, 528 n. 3 (8th Cir. 2000)). The cases relied upon by Kratville do not support his position.

### III.    Extraordinary Circumstances

Finally, Kratville argues that he is entitled to relief from judgment under Rule 60(b)(6), which permits relief for "any other reason that justifies relief." The Eighth Circuit has explained that this rule justifies relief only in "extraordinary circumstances." *In re Guidant Corp.*, 496 F.3d at 868. "Exceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress." *Atkinson v. Prudential Prop. Co., Inc.,* 43 F.3d 367, 373 (8th Cir. 1994) (internal quotations omitted). "Relief under this rule is exceedingly rare as relief requires an 'intrusion into the sanctity of a final judgment.'" *Id*. (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir.1999)). Kratville does not identify any extraordinary circumstances meriting relief under Rule 60(b)(6), nor has the Court identified any.

## CONCLUSION

For the reasons stated above, Kratville has not demonstrated that the Court's previous Memorandum and Order (Filing No. 168) contained manifest error, nor has he demonstrated that mistake, excusable neglect, or exceptional circumstances justify relief from judgment. Accordingly,

IT IS ORDERED, the Motion to Alter or Amend and for Relief from a Final Judgment (Filing No. 171) filed by Defendant Michael B. Kratville, is denied.

Dated this 16th day of April, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge